In re Assigned Estate of Josiah F. Bailey, Frank E. Bailey and Harry H. Bailey, Copartners, trading as J. F. Bailey & Sons. Appeal of the Security Company of Pottstown, Trustee for Creditors of the Receivers of the Reading Rolling Mill Company and Cofrode and Saylor, Incorporated.

*Partnership—Insolvency—Partnership and separate assets.*

Where there are partnership and separate creditors and partnership and separate assets, and the firm is insolvent, each class has priority upon its respective estate.

*Partnership—Auditor's findings of fact—Partnership and separate assets.*

The Supreme Court will not reverse an auditor's finding of facts confirmed by the court below, that certain assets belong to a partner individually and not to the firm of which he is a member, where there is direct and positive evidence that the property was not firm assets, and the evidence offered to the contrary merely admits of a construction which would authorize inferences opposed to the auditor's findings.

*Evidence—Declarations—Assignment for creditors.*

The declarations of an assignor made after an assignment for creditors are admissible as evidence only for the purpose of affecting the credibility of the assignor as a witness and the weight to be given his testimony.

Argued Jan. 7, 1898. Appeal, No. 164, Jan. T., 1897, by Security Company of Pottstown, from order of C. P. No. 4, Phila. Co., March T., 1893, No. 90, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

From the report of the auditor, John F. Thayer, Esq., it appeared that Josiah F. Bailey, prior to January 1, 1891, was an iron commission merchant, and his sons, Frank E. and Harry H., were employed by him as clerks at stated salaries. On January 1, 1891, the three formed a partnership, under the name of J. F. Bailey & Sons. The sons contributed no capital, and they received no salaries from the firm, but were entitled to profits, as follows: Frank E., thirty per cent; Harry H., twenty per cent; their father's share being the remaining fifty per cent. The new firm continued in business until March 11,

1893, when the firm and the three members, as individuals, assigned the firm and their individual estates to Omar J. Kinsley, for the benefit of the firm and individual creditors.

The partnership creditors of the firm of J. F. Bailey & Sons contended that certain bonds and shares of stock were the property of the partnership, and not of J. F. Bailey, individually. On this subject the auditor found as follows:

The most valuable of these assets were the 950 shares of the Philadelphia Copper Mill Company, the sixty shares of the stock of the Reading Rolling Mill Company, and fifteen five per cent coupon bonds for $1,000 each of the Bloomington City Railroad Company. As to the Copper Mill stock, Mr. Kinsley, the assignee, testified that when the certificates of stock came into his possession as assignee, they stood all in the name of Josiah F. Bailey, except two shares; of these two shares, one certificate of one share stood in the name of H. H. Bailey, and the other in the name of Frank E. Bailey. These two shares Mr. J. F. Bailey and Mr. H. H. Bailey both testified were not in reality the property of Messrs. H. H. Bailey and Frank E. Bailey, but belonged to Mr. J. F. Bailey, and that they were placed in the names of H. H. Bailey and Frank E. Bailey to enable them to act as directors. The books of the Provident Life and Trust Company were also produced to show the registration of this stock in the above names. The sixty shares of the stock of the Reading Rolling Mill Company, Mr. Kinsley, the assignee, testified that at the time they came into his possession also stood in the name of Mr. J. F. Bailey. The fifteen bonds of the Bloomington City Railway Company, were pledged as the property of J. F. Bailey, and came into the assignee's possession after the payment of the debt to the Provident Life and Trust Company, for which they were collateral, had been paid.

Upon the part of the individual creditors it was urged that the evidence of the ownership of these stocks and bonds by J. F. Bailey individually was conclusive. Counsel representing the firm creditors disputed this position and claimed that as these stocks and bonds had been the property of J. F. Bailey, and used as such in his business before his sons were admitted as partners, they continued to bear the same relation to the new firm, and should be considered as part of the capital of

J. F. Bailey & Sons, and distributable as firm assets. For this they pointed to entries of these securities in the books of J. F. Bailey & Sons, where they appear under the head of Security Account, and to strengthen this contention Mr. J. F. Bailey was examined by the counsel for the firm creditors as if on cross-examination, and Mr. Graham, Mr. Houston, Mr. Ballard and others were called to show that, after the assignment of J. F. Bailey & Sons, Mr. J. F. Bailey had repeatedly spoken of the securities in question as firm assets and sought to apply them as such in a scheme of reorganization of the firm of Cofrode & Saylor, Limited, the Reading Rolling Mill and the firm of J. F. Bailey & Sons. The auditor finds from the evidence that Mr. Bailey did do this, but inasmuch as such words were spoken and such actions taken by Mr. J. F. Bailey after the assignment, such words and actions can have no effect upon the rights of the creditors which had before that time attached.

" Let the partner actually apply his own property as he thinks proper while he administers it himself. When it is in gremio legis his control over it ceases." Mr. Justice PAXSON in Gallagher's Appeal, 114 Pa. 353.

Nor can greater effect attach to the action of Mr. J. F. Bailey, as proved before your auditor, in suffering a sale to be made by the assignee of the securities in question as the property of the firm of J. F. Bailey & Sons, as such action was also subsequent to the assignment. It is true, as admitted by Mr. J. F. Bailey, that he on one occasion pledged 198 shares of the Copper Mill stock as collateral for a firm debt, but this accommodation to the firm did not make the collateral the property of the firm.

" If a partner own land or personalty, his right and interest cannot be affected by permitting the partnership to use his property upon any terms satisfactory to them :" Parsons on Partnership, * 492 ; Story on Partnership, § 372 ; Fay v. Finley, 14 Phila. 206.

Such transactions are quite common in business. The entries in the ledger of J. F. Bailey & Sons under title, Security Account, of certain of the stocks and bonds the auditor does not regard as controlling evidence of ownership in the firm, in view of the fact of Mr. J. F. Bailey's denial of such ownership by the firm, and the fact that the certificates stood in his name individually.

Upon the whole testimony your auditor finds, and so concludes, that the assets set down by the accountant as individual assets were in fact the property of Mr. J. F. Bailey, and that his two sons, who comprise the other members of the firm, had no right, title or equity in them whatsoever. If this be so, then the firm creditors must be excluded from participation in this fund, and it must be divided pro rata among the individual creditors of Mr. J. F. Bailey, according to the amount of their claims and interest to the date of the assignment, irrespective of any collateral security they may hold: Jamison's Estate; Boyer's Appeal, 163 Pa. 143, and cases cited in opinion of Justice MITCHELL.

The right of the firm creditors to the assets included in the account as firm assets is not quite so clear. Under York County Bank's Appeal, 32 Pa. 446, Scull's Appeal, 115 Pa. 141, and Bixler & Correll v. Kresge & Green, 169 Pa. 405, it might be questioned whether the evidence in this case establishes any equity in the partners, H. H. Bailey and Frank E. Bailey, as against Josiah F. Bailey, the other partner, which would give them the right to require the application of the assets enumerated to the payment of the firm debts. They contributed no capital; whatever comprised the capital of J. F. Bailey & Sons emanated entirely from their father; all they were to receive was a certain percentage of the earnings, and against these earnings they drew certain sums, which were charged to them in the books exactly as had been done when they were clerks. Mr. J. F. Bailey in his testimony, however, discriminated between what he regarded as his individual property and what he had considered firm property at the formation of the partnership. He spoke of contributing ten thousand dollars ($10,000), although the auditor finds no trace of this contribution in the books at the time indicated, viz: January 1, 1891. He speaks also of the capital being nominal and consisting partly of bad debts (suspended accounts) of the old business. On cross-examination he speaks of the assets in the firm of J. F. Bailey & Sons as follows:

By Mr. Saylor: " Q. Were there any assets of the firm of J. F. Bailey & Sons except those which you furnished from time to time?" A. There was some accumulations, I believe, as results of bad debts. Q. Were there any tangible valuable

commercial assets of J. F. Bailey & Sons, at any time from the time of the formation of the firm until the time of the assignment, other than those which you furnished? A. Yes, sir, there were book accounts. Q. Were not these book accounts the creation of your capital, the result of your capital? A. No, sir, the book accounts were the creation of this indebtedness. Q. The assets or book accounts which were due J. F. Bailey & Sons by the persons with whom you did business—did not that business or indebtedness due you grow out of capital which you alone furnished J. F. Bailey & Sons? A. No, sir; if we have an indebtedness here of $75,000, that is in your hands. Q. It grew out of that? A. Yes. We had other indebtedness, I think about $30,000, collateral loans and open accounts. Q. In other words, there were no assets of J. F. Bailey & Sons, other than those which you furnished? A. No other than those which I furnished. Q. In truth, and in fact, you were the firm of J. F. Bailey & Sons? A. That is just as you choose to construe it."

If the auditor should construe the above testimony as counsel for the firm creditors apparently construes it, it would, under York County Bank's Appeal, etc., be fatal to his client's claim; but the auditor regards the construction put upon it by the witness more in consonance with law, viz: that such assets as were the result of the business, as explained in the witness's answers as above, are properly firm assets, and distributable to firm creditors.

" So far as the partnership property has been acquired by means of partnership debts, those debts have in equity a priority of claim to be discharged : " 3 Kent, p. 65.

It is hardly necessary to quote authority for the legal proposition that " where there are separate and partnership creditors and separate and partnership property, the rule in equity is, that each estate shall be applied exclusively in the first instance to the payment of its own creditors : " Walker v. Eyth, 25 Pa. 216 ; Black's Appeal, 44 Pa. 503 ; 3 Kent, Com. p. 65 ; Assigned Estate of Jamison & Co., 163 Pa. 143.

The point of law, however, loses its importance when, as in this case, the assets proved to be separate assets are sufficient to pay the separate debts in full and leave a balance to be carried to account as firm assets.

Exceptions to the auditor's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to the auditor's report.

*James M. Beck* and *F. Carroll Brewster*, with them *Henry D. Saylor* and *Milton C. Work*, for appellant.—The law of the case would seem to be reasonably clear.   If the Copper Mill stock had been contributed to the firm and had become firm assets, it belonged, in the first instance, to the firm creditors, just as the true individual assets of Josiah F. Bailey belonged primarily to his individual creditors: Jamison & Co.'s Assigned Estate, 163 Pa. 143; 34 W. N. C. 481 (1894), and cases there cited.

It is respectfully submitted that the overwhelming testimony in this case was that the Copper Mill stock had become by special contribution the property of the firm.   The books of the firm, kept by the assignee, and with which each partner is presumably familiar, clearly included this stock among the firm securities.   Moreover, it is undoubted that portions of the stock were pledged for a firm debt at the time of the assignment.

No claim was made by Josiah F. Bailey, individually, at the time of the assignment, that this stock was his individual property, and no separate inventory was filed by his assignee, who, as stated, had been his bookkeeper.

Moreover, the stock was finally sold by the assignee, at public auction, as the property of J. F. Bailey & Sons.

Against these facts and admission there is only the post factum declaration of Josiah F. Bailey, that the stock did not belong to the firm, and the fact that it was in his individual name.

*Charles E. Morgan, Jr.*, and *John G. Johnson*, for appellee.— The burden was and is now upon the plaintiffs to satisfy the court that in his finding of fact the auditor was guilty of obvious mistake or an unwarranted conclusion: Hibbs v. Woodward, 15 W. N. C. 338; Ellison v. Hosie, 147 Pa. 337; Philadelphia Company v. United Gas Imp. Co., 180 Pa. 235.

Where there are partnership and separate creditors and partnership and separate property, and the firm is insolvent, each

class has priority upon its respective estate and must first resort to it for payment; after satisfaction of the claim of either class the other may come upon the residue according to its several legal and equitable rights: Black's App., 44 Pa. 503; Parsons on Partnership, *492; Fay v. Finley, 14 Phila. 206; Gallagher's App., 114 Pa. 353.

OPINION BY MR. JUSTICE MCCOLLUM, October 17, 1898:

The only question presented by this appeal is whether the learned auditor erred in finding that the 950 shares of the Philadelphia Copper Mill Company stock and the fifteen five per cent coupon bonds of the Bloomington City Railroad Company charged in the assignee's account " as individual assets of Josiah F. Bailey were his, and not assets of the firm of J. F. Bailey & Sons."

If the finding was warranted by the testimony relied on to sustain it the distribution based upon it must be affirmed. It is conceded that if Josiah F. Bailey was the sole owner of the stocks and bonds when he and his sons assigned their individual and firm assets, his individual creditors were primarily entitled to the proceeds arising from the sale of them. " Where there are partnership and separate creditors and partnership and separate assets, and the firm is insolvent, each class has priority upon its respective estate: " Assigned Estate of Jamison & Co., 163 Pa. 143.

The partnership of Josiah F. Bailey & Sons was formed in January, 1891, and terminated in March, 1893, by an assignment for creditors. The agreement which created it was not in writing and the terms of it were ascertainable only by appeal to the recollection of the parties. The sons contributed nothing to the capital of it aside from their services. It is undisputed that whatever capital the partnership had during its existence was contributed by Josiah F. Bailey or acquired in the conduct of its business. He testifies that his cash contribution to it was $10,000, and that the only assets it had at any time from its organization to its collapse consisted of cash on hand and book accounts. This testimony is certainly and clearly opposed to the contention that the stocks and bonds in question are firm assets. It does not appear that his copartners claimed at any time an interest in the property designated in the as-

signee's account as his individual assets, or that it was considered by them as firm property. It was certainly never formally transferred to the firm, and there is no evidence before us of a declaration or statement by any member of it, prior to the assignment, from which an inference of joint ownership can be fairly drawn. On the contrary the copartners agree and testify that Josiah F. Bailey was the sole owner of the property designated in the assignee's account, as above stated, and that the firm never had any interest whatever in it. The stocks were registered in his name and the bonds were pledged as his property. These are circumstances in accord with his claim of individual ownership and with his own testimony and that of his copartners.

The entry of the stocks and bonds on the books of the firm under the head of "security account" and the evidence of declarations of Josiah F. Bailey after the assignment, in which it is claimed he recognized them as firm assets, constitute the main reliance of the appellant in its contention that the firm creditors are primarily entitled to the fund created by a sale of them. It was undoubtedly the duty of the auditor to carefully consider these matters in connection with the testimony of Kinsley and of Josiah F. Bailey in explanation of them, and that he did so plainly appears by his report. The declarations referred to, having been made after the assignment, were admissible as evidence only for the purpose of affecting the credibility of Josiah F. Bailey as a witness and the weight to be given to his testimony. While it may be conceded that the matters on which the appellant's contention is based may admit of a construction which would authorize inferences opposed to the finding complained of, it is by no means clear that such inferences should prevail against the direct and positive testimony that the stocks and bonds were not firm assets. It was the province of the auditor to duly consider and pass upon all the evidence relevant to the questions before him and, having due regard to the credibility of the witnesses and their interests in the issue, to find from such evidence to whom the stocks and bonds belonged at the time of the assignment. That he conscientiously discharged his duty in the premises, and that his finding was fully authorized by the evidence we have no doubt.

Decree affirmed and appeal dismissed at the costs of the appellant.